**THELEN REID BROWN RAYSMAN & STEINER LLP**
Edward Copeland
875 Third Avenue
New York, New York 10022
(212) 603-2000
Attorneys for Defendants

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

JEAN BAILEY, CARMEN RIVERA,

                       Plaintiffs,

         -against-

LUTHERAN MEDICAL CENTER, LUTHERAN
MEDICAL CENTER HEALTH SERVICES
RETIREMENT PLAN,

                    Defendants.

-------------------------------------------------------------- X

**JUDGE CROTTY**

**07 CV 11481**

Case No. _____

**NOTICE OF REMOVAL**



**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446,

Defendants Lutheran Medical Center and Lutheran Medical Center Health Services Retirement

Plan ("Defendants"), by their attorneys, Thelen Reid Brown Raysman & Steiner LLP, hereby

remove the above-entitled action pending in the Supreme Court of the State of New York,

County of New York, Index No. 115559/07, to the United States District Court for the Southern

District of New York. In support of its Notice of Removal, Defendants respectfully allege as

follows:

       1.      On information and belief, on or about November 20, 2007, an action entitled

Jean Bailey, Carmen Rivera v. Lutheran Medical Center, The 1199 Health Care Employees

Pension Fund, Index No. 115559/07, was filed in the Supreme Court of the State of New York,

County of New York. A true and correct copy of the Summons and Complaint ("Complaint") is

attached as Exhibit A. Upon information and belief, an amended complaint ("Amended

Complaint") has been filed in the state court action; however, on information and belief, it is not yet clear which Defendant has been served with the copy of the Amended Complaint.  Upon information and belief,  a true and correct copy of the Amended Summons and Complaint is attached as Exhibit B.  Upon information and belief, no other process, pleading or order has been filed.

2.    The initial pleading in this action was first received by Defendant Lutheran Medical Center on November 26, 2007, when copies of the Summons and Complaint were received by hand.  This Notice of Removal is filed within thirty (30) days of Defendant's receipt of the Summons and Complaint, in accordance with 28 U.S.C. § 1446(b).

3.    On or about December 13, 2007, plaintiffs' counsel informed defendant Lutheran Medical Center's counsel that an amended complaint had been served and would be filed. Plaintiffs' counsel provided a courtesy copy of the complaint on December 13, 2007.  In the Amended Complaint, plaintiff named as defendants Lutheran Medical Center and Lutheran Medical Center Health Services Retirement Plan.  Plaintiffs did not name 1199 Health Care Employees Pension Fund as a defendant.  *See* Amended Complaint, Exhibit B.  In a subsequent conversation, plaintiffs' counsel confirmed that the 1199 Health Care Employees Pension Fund had been dropped as a defendant.

4.    The Complaint and Amended Complaint allege, *inter alia*, a claim for violation of Defendants' duties pursuant the Employee Retirement Income Security Act ("ERISA") 29 U.S.C.A. §§ 1001 *et. seq.*  The Complaint and Amended Complaint also allege claims pursuant to the New York Labor Law and causes of actions for negligent representation, common law fraud, and breach of contract.

5.    Insofar as it alleges a violation of ERISA, this action is founded on a claim or right arising under the laws of the United States.  *See* Summons and Complaint, Exhibit A, paragraphs 18 and 19, *See* Amended Complaint, Exhibit B, paragraphs 18 and 19.

2

6.     Pursuant to 28 U.S.C. § 1331 and § 1446(a) and (b), this action is therefore being removed to this Court by Defendants.

7.     A true and correct copy of this Notice of Removal will be forwarded for filing in the Supreme Court of the State of New York, New York County.  Attached as Exhibit C is a copy of the Notice to Clerk of the Supreme Court of the State of New York, New York County of the Filing of the Notice of Removal, the original of which is being filed with the Clerk of the Supreme Court New York County as required by 28 U.S.C § 1446(d).

8.     Defendants file this Notice of Removal solely for the purpose of removing the instant action and does not waive, and specifically reserve, any and all defenses, including without limitation, the legal sufficiency of Plaintiffs' causes of action, in personam jurisdiction, sufficiency of process, statute of limitations, venue and joinder of indispensable parties.

**WHEREFORE,** Defendants Lutheran Medical Center and Lutheran Medical Center Health Services Retirement Plan pray that this action be removed to this Court, that this Court accept jurisdiction of this action and henceforth, that this action be placed on the docket of this Court for further proceedings, as though this action had originally been instituted in this Court.

Dated: New York, New York
           December 21, 2007

THELEN REID BROWN
RAYSMAN & STEINER LLP

By: _____
           Edward Copeland
875 Third Avenue
New York, NY 10022
(212) 603-2000

Attorneys for Defendants

NY #1223492 v1

# EXHIBIT A



SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

JEAN BAILEY
CARMEN RIVERA

                             Plaintiffs,

                                  Index No _07 115559_
                                  Plaintiffs designate New
                                  York County as the place
                                  of trial.  The basis of
                                  venue is the county where
                                  a  defendant resides

                                            **SUMMONS**

LUTHERAN MEDICAL CENTER,
THE 1199 HEALTH CARE EMPLOYEES
PENSION FUND

                             Defendants

------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

       **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a notice of appearance, on plaintiff's attorneys within twenty (20) days after service of this Summons, exclusive of the day of serve (or within thirty (30) days after the service is completed if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated:      New York, New York
             November 20, 2007

                                  _____
                                    Gregory L. Reid, Esq.
                                    Reid Rodriguez & Rouse, LLP
                                    Attorney for Plaintiffs
                                    1285 Avenue of the Americas
                                    Suite 3513
                                    New York, New York, 10019
                                    (212) 554-4417

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------x
JEAN BAILEY
CARMEN RIVERA
                         Plaintiffs          Index No. 07 11 5559

                                             **COMPLAINT**
                                             **JURY TRIAL DEMANDED**
            v.
LUTHERAN MEDICAL CENTER,
THE 1199 HEALTH CARE EMPLOYEES
PENSION FUND

                         Defendants

-----------------------------------------------------X

## COMPLAINT

Plaintiffs Jean Bailey and Carmen Rivera, by their attorney Reid Rodriguez

& Rouse, LLP, complaining of the Defendants, respectfully alleges as

follows:

### STATEMENT OF CLAIM

1.  Plaintiff Jean Bailey (hereinafter, "Plaintiff" or " Bailey"), a licensed

    psychologist, is employed with Defendant Lutheran Medical Center

    (hereinafter "Defendant" or "LMC").

2.  Plaintiff Carmen Rivera (hereinafter, "Plaintiff" or " Rivera"), a licensed

    psychologist, is employed with Defendant Lutheran Medical Center

    (hereinafter "Defendant" or "LMC").

3.  Each plaintiff is, and at all times relevant to this action, was, a "participant"

    in defendant's LMC's retirement plan as defined by 29 U.S.C. section

1002(7), and has a vested right to benefits under defendant's LMC's retirement plan.

4.  Defendant LMC is a corporation doing business in the State of New York, and at all times mentioned in this complaint to this action is an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. section 1002(5)(12).

5.  Defendant LMC is a "plan sponsor", 29 U.S.C. section 1002 (16)(A) of Defendant The 1199 Health Care Employees Pension Fund (hereinafter "Defendant" or "TEHCEPF"), a pension trust fund established pursuant to and in accordance with the requirements of 29 U.S.C. section 186 (Section 302 of the Labor-Management Relations Act of 1947.)

6.  In 1984 LMC's Medical Director Guiseppe Constantino acting within the scope and course of his duties and responsibilities asked Bailey to resign as a member of 1199 National Health and Human Service Employees Union (hereinafter "1199") and assume supervisory and administrative responsibilities in addition to her clinical work as a psychologist. LMC'S Medical Director Guiseppe Constantino had real and apparent authority to make the request.

7.  In 1987 Defendant LMC's Medical Director Guiseppe Constantino and Clinic Administrator Heriberto Cruz acting within the scope and course of their duties and responsibilities asked Rivera to resign as a member of 1199 National Health and Human Service Employees Union (hereinafter "1199") and assume supervisory and administrative responsibilities in

addition to her clinical work as a psychologist. Defendant LMC'S Medical Director Guiseppe Constantino and Clinic Administrator Heriberto had real and apparent authority to make the request.

8. Defendant LMC's Medical Director Guiseppe Constantino acting within the scope and course of his duties and responsibilities promised the Plaintiffs that if they resigned from 1199 they would have absolute parity with 1199 union members with respect to Plaintiffs' pay, pension, and benefits. Defendant LMC'S Medical Director Guiseppe Constantino had real and apparent authority to make the promise.

9. Defendant LMC's Clinic Administrator Heriberto Cruz acting within the scope and course of his duties and responsibilities promised Rivera that if she resigned from the union that she would have absolute parity with 1199 union members with respect to Rivera's pay, pension, and benefits. Defendant LMC'S Clinic Administrator Heriberto had real and apparent authority to make the promise.

10. The requests and promises made by Defendant LMC'S Medical Director Guiseppe Constantino and Clinic Administrator Heriberto were made in the course of dealings between plaintiffs and defendant LMC, and were intended to and did induce the plaintiffs' reliance. Defendant LMC'S Medical Director Guiseppe Constantino and Clinic Administrator Heriberto had real and apparent authority to make the requests and promises.

11. In exchange for and reliance upon the promises of Guiseppe Constantino, plaintiff Bailey resigned from 1199.

3

12. In exchange for and reliance upon the promises of Guiseppe Constantino and Heriberto Cruz, plaintiff Rivera resigned from 1199.

13. Defendant LMC has not afforded the Plaintiffs parity with 1199 union members with respect to Plaintiffs' pay, pension, and benefits.

### FIRST CAUSE OF ACTION-BREACH OF NEW YORK LABOR LAW

14. Plaintiffs repeat and reallege each and every allegation in paragraphs numbered "1" through "13" of this complaint with the same force and effect as is fully set forth herein.

15. Defendant LMC's willful failure and refusal to pay plaintiff wages and benefits due and owing to plaintiff is a violation of the New York Labor Law.

16. As a result of the foregoing, plaintiff has been denied wages, benefits, and bonuses, and has incurred damages thereby.

### SECOND CAUSE OF ACTION-ERISA VIOLATION

17.    Plaintiffs repeat and reallege each and every allegation in paragraphs numbered "1" through "16" of this complaint with the same force and effect as is fully set forth herein.

18.    Defendant LMC's failure to afford the Plaintiffs parity with 1199 union members with respect to Plaintiffs' pensions has cause the Plaintiffs to lose substantial retirement benefits.

19.    Defendant LMC's failure to afford the Plaintiffs parity with 1199 union members with respect to Plaintiffs' pensions has interfered with the Plaintiffs 'rights to receive benefits under defendant's LMC's retirement plan in violation of ERISA.

4

### THIRD CAUSE OF ACTION-NEGLIGENT REPRESENTATION

20.     Plaintiffs repeat and reallege each and every allegation in paragraphs numbered "1" through "18" of this complaint with the same force and effect as is fully set forth herein.

21.     Defendant LMC's representations to the Plaintiffs that if they resigned from 1199 they would have absolute parity with 1199 union members with respect to Plaintiffs' pay, pensions, and benefits was false information that Defendant LMC knew or should have known was false.

22.     As a result of Defendant LMC's negligent misrepresentation, the Plaintiffs have suffered lost wages, retirement, and other benefits, consequential damages, and emotional and mental pain and suffering.

### FOURTH CAUSE OF ACTION-COMMON LAW FRAUD

23.     Plaintiffs repeat and reallege each and every allegation in paragraphs numbered "1" through "22" of this complaint with the same force and effect as is fully set forth herein.

24.     The representations made in paragraphs "8" and "9" are false and were false at the time that they were made in that Defendant LMC had no intention of affording the Plaintiffs with absolute parity with 1199 union members with respect to Plaintiffs' pay, pensions, and benefits.

25.     At the time the representations were made, the Defendant LMC
        knew that they were false.

26.     The Plaintiffs relied on the representations made by Defendant
        LMC to their detriment by resigning from 1199.

27.     As a result of the Plaintiffs reliance on these false representations,
        the Plaintiffs have suffered loss wages, pension, and other benefits.

### FIFTH CAUSE OF ACTION-BREACH OF CONTRACT

28.     Plaintiffs repeat and reallege each and every allegation in
        paragraphs numbered "1" through "27" of this complaint with the
        same force and effect as is fully set forth herein.

29.     By and through its oral assurances referenced in paragraphs "8"
        and  "9", on which the Plaintiffs relied and for which the Plaintiffs
        gave adequate consideration by resigning from 1199 and
        continuing to work, defendant LMC created a contract with each
        Plaintiff.

30.     In failing to afford the Plaintiffs with absolute parity with 1199 union
        members with respect to Plaintiffs' pay, pensions, and benefits,
        Defendant LMC breached its contract with the Plaintiffs causing the
        Plaintiffs causing the Plaintiffs to suffer lost wages, lost retirement,
        and other benefits, and consequential damages.

# PRAYER

Plaintiffs pray that this court:

(i)     Assume jurisdiction of this case;

(ii)     Award Plaintiffs full legal and equitable relief under ERISA, including, restitution of the Plaintiffs' lost pension befits, prejudgment interest, etc.;

(iii)     Award Plaintiffs compensatory damages for the value of the lost income, lost pension and other benefits, and emotional pain and suffering;

(iv)     Award Plaintiffs Punitive damages, liquidated damages, attorneys fees and costs;

(v)     A declaration that all pension and benefits due Plaintiffs are vested and nonforfeitable, or in the alternative, a money judgment for all sums due and owing; and

(vi)     Award all other and further relief as the Court may deem is just and

necessary.

## JURY DEMAND

Plaintiffs request a jury trial on all issues triable by jury.

Respectfully submitted,

_____

Gregory L. Reid, Esq.
Reid Rodriguez & Rouse, LLP
Attorney for Plaintiffs
1285 Avenue of the Americas
Suite 3513
New York, New York 10019
(212) 554-4417

Dated: November 20, 2007

New York, New York

8

EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
JEAN BAILEY
CARMEN RIVERA

                          Plaintiffs,

                                  Index No 0711559
                                  Plaintiffs designate New
                                  York County as the place
                                  of trial. The basis of
                                  venue is the county where
                                  a defendant resides
                                         **AMENDED**
                                         **SUMMONS**

LUTHERAN MEDICAL CENTER,
LUTHERAN MEDICAL CENTER HEALTH
SERVICES RETIREMENT PLAN

                        Defendants

---------------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANTS:

      **YOU ARE HEREBY SUMMONED** to answer the Amended Complaint in this action and serve a copy of your Answer, or, if the Amended Complaint is not served with this Amended Summons, to serve a notice of appearance, on plaintiff's attorneys within twenty (20) days after service of this Amended Summons, exclusive of the day of serve (or within thirty (30) days after the service is completed if this Amended Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Amended Complaint.

Dated:     New York, New York
           December 6, 2007

                                      Gregory L. Reid, Esq.
                                      Reid Rodriguez & Rouse, LLP
                                      Attorney for Plaintiffs
                                      1285 Avenue of the Americas
                                      Suite 3513
                                      New York, New York, 10019
                                      (212) 554-4417

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------x
JEAN BAILEY
CARMEN RIVERA

            Plaintiffs                  **Index No. 0711559**

                                                 **AMENDED
COMPLAINT
JURY TRIAL DEMANDED**

        v.
LUTHERAN MEDICAL CENTER,
LUTHERAN MEDICAL CENTER HEALTH
SERVICES RETIREMENT PLAN

            Defendants

------------------------------------------------------x

### COMPLAINT

Plaintiffs Jean Bailey and Carmen Rivera, by their attorney Reid Rodriguez

& Rouse, LLP, complaining of the Defendants, respectfully alleges as

follows:

### STATEMENT OF CLAIM

1. Plaintiff Jean Bailey (hereinafter, "Plaintiff" or " Bailey"), a licensed

   psychologist, is employed with Defendant Lutheran Medical Center

   (hereinafter "Defendant" or "LMC").

2. Plaintiff Carmen Rivera (hereinafter, "Plaintiff" or " Rivera"), a licensed

   psychologist, is employed with Defendant Lutheran Medical Center

   (hereinafter "Defendant" or "LMC").

3. Each plaintiff is, and at all times relevant to this action, was, a "participant"

   in defendant's LMC's retirement plan as defined by 29 U.S.C. section

1002(7), and has a vested right to benefits under defendant's LMC's retirement plan.

4. Defendant LMC is a corporation doing business in the State of New York, and at all times mentioned in this complaint to this action is an employer engaged in an industry affecting commerce within the meaning of 29 U.S.C. section 1002(5)(12).

5. Defendant LMC is a "plan sponsor", 29 U.S.C. section 1002 (16)(A) of Defendant Lutheran Medical Center Health Services Retirement Plan (hereinafter "Defendant" or "HSRP"), a pension trust fund established pursuant to and in accordance with the requirements of 29 U.S.C. section 186 (Section 302 of the Labor-Management Relations Act of 1947.)

6. In 1984 LMC's Medical Director Guiseppe Constantino acting within the scope and course of his duties and responsibilities asked Bailey to resign as a member of 1199 National Health and Human Service Employees Union (hereinafter "1199") and assume supervisory and administrative responsibilities in addition to her clinical work as a psychologist. LMC'S Medical Director Guiseppe Constantino had real and apparent authority to make the request.

7. In 1987 Defendant LMC's Medical Director Guiseppe Constantino and Clinic Administrator Heriberto Cruz acting within the scope and course of their duties and responsibilities asked Rivera to resign as a member of 1199 National Health and Human Service Employees Union (hereinafter "1199") and assume supervisory and administrative responsibilities in

addition to her clinical work as a psychologist. Defendant LMC'S Medical Director Guiseppe Constantino and Clinic Administrator Heriberto had real and apparent authority to make the request.

8. Defendant LMC's Medical Director Guiseppe Constantino acting within the scope and course of his duties and responsibilities promised the Plaintiffs that if they resigned from 1199 they would have absolute parity with 1199 union members with respect to Plaintiffs' pay, pension, and benefits. Defendant LMC'S Medical Director Guiseppe Constantino had real and apparent authority to make the promise.

9. Defendant LMC's Clinic Administrator Heriberto Cruz acting within the scope and course of his duties and responsibilities promised Rivera that if she resigned from the union that she would have absolute parity with 1199 union members with respect to Rivera's pay, pension, and benefits. Defendant LMC'S Clinic Administrator Heriberto had real and apparent authority to make the promise.

10. The requests and promises made by Defendant LMC'S Medical Director Guiseppe Constantino and Clinic Administrator Heriberto were made in the course of dealings between plaintiffs and defendant LMC, and were intended to and did induce the plaintiffs' reliance. Defendant LMC'S Medical Director Guiseppe Constantino and Clinic Administrator Heriberto had real and apparent authority to make the requests and promises.

11. In exchange for and reliance upon the promises of Guiseppe Constantino, plaintiff Bailey resigned from 1199.

12. In exchange for and reliance upon the promises of Guiseppe Constantino and Heriberto Cruz, plaintiff Rivera resigned from 1199.

13. Defendant LMC has not afforded the Plaintiffs parity with 1199 union members with respect to Plaintiffs' pay, pension, and benefits.

## FIRST CAUSE OF ACTION-BREACH OF NEW YORK LABOR LAW

14. Plaintiffs repeat and reallege each and every allegation in paragraphs numbered "1" through "13" of this complaint with the same force and effect as is fully set forth herein.

15. Defendant LMC's willful failure and refusal to pay plaintiff wages and benefits due and owing to plaintiff is a violation of the New York Labor Law.

16. As a result of the foregoing, plaintiff has been denied wages, benefits, and bonuses, and has incurred damages thereby.

## SECOND CAUSE OF ACTION-ERISA VIOLATION

17. Plaintiffs repeat and reallege each and every allegation in paragraphs numbered "1" through "16" of this complaint with the same force and effect as is fully set forth herein.

18. Defendant LMC's failure to afford the Plaintiffs parity with 1199 union members with respect to Plaintiffs' pensions has cause the Plaintiffs to lose substantial retirement benefits.

19. Defendant LMC's failure to afford the Plaintiffs parity with 1199 union members with respect to Plaintiffs' pensions has interfered with the Plaintiffs 'rights to receive benefits under defendant's LMC's retirement plan in violation of ERISA.

### THIRD CAUSE OF ACTION-NEGLIGENT REPRESENTATION

20.   Plaintiffs repeat and reallege each and every allegation in paragraphs numbered "1" through "18" of this complaint with the same force and effect as is fully set forth herein.

21.   Defendant LMC's representations to the Plaintiffs that if they resigned from 1199 they would have absolute parity with 1199 union members with respect to Plaintiffs' pay, pensions, and benefits was false information that Defendant LMC knew or should have known was false.

22.   As a result of Defendant LMC's negligent misrepresentation, the Plaintiffs have suffered lost wages, retirement, and other benefits, consequential damages, and emotional and mental pain and suffering.

### FOURTH CAUSE OF ACTION-COMMON LAW FRAUD

23.   Plaintiffs repeat and reallege each and every allegation in paragraphs numbered "1" through "22" of this complaint with the same force and effect as is fully set forth herein.

24.   The representations made in paragraphs "8" and "9" are false and were false at the time that they were made in that Defendant LMC had no intention of affording the Plaintiffs with absolute parity with 1199 union members with respect to Plaintiffs' pay, pensions, and benefits.

25.     At the time the representations were made, the Defendant LMC knew that they were false.

26.     The Plaintiffs relied on the representations made by Defendant LMC to their detriment by resigning from 1199.

27.     As a result of the Plaintiffs reliance on these false representations, the Plaintiffs have suffered loss wages, pension, and other benefits.

### FIFTH CAUSE OF ACTION-BREACH OF CONTRACT

28.     Plaintiffs repeat and reallege each and every allegation in paragraphs numbered "1" through "27" of this complaint with the same force and effect as is fully set forth herein.

29.     By and through its oral assurances referenced in paragraphs "8" and "9", on which the Plaintiffs relied and for which the Plaintiffs gave adequate consideration by resigning from 1199 and continuing to work, defendant LMC created a contract with each Plaintiff.

30.     In failing to afford the Plaintiffs with absolute parity with 1199 union members with respect to Plaintiffs' pay, pensions, and benefits, Defendant LMC breached its contract with the Plaintiffs causing the Plaintiffs causing the Plaintiffs to suffer lost wages, lost retirement, and other benefits, and consequential damages.

#7631 P.008

DEC.13.2007 15:28 212 554 4089

## SIXTH CAUSE OF ACTION-DECLARATORY JUDGEMENT

31.     Plaintiffs repeat and reallege each and every allegation in paragraphs numbered "1" through "30" of this complaint with the same force and effect as is fully set forth herein.

32.     Defendant HSRP as the agent of Defendant LMC has the responsibility of administering and distributing the Plaintiffs' pension benefits provided by LMC.

33.     Plaintiffs seek to have their account values in the HSRP adjusted so that the Plaintiffs will have parity with respect to the pension benefits afforded the members of 1199 since the Plaintiffs resigned their membership in the union.

34.     Plaintiffs seek a declaratory judgment that they are entitled to parity with respect to the pension benefits afforded the members of 1199 since the Plaintiffs resigned their membership in the union.

### PRAYER

Plaintiffs pray that this court:

(i)     Assume jurisdiction of this case;

(ii)    Award Plaintiffs full legal and equitable relief under ERISA, including, restitution of the Plaintiffs' lost pension befts, prejudgment interest, etc.;

(iii)   Award Plaintiffs compensatory damages for the value of the lost income, lost pension and other benefits, and emotional pain and suffering;

(iv)   Award Plaintiffs punitive damages, liquidated damages, attorneys fees and costs;

(v)    A declaration that Plaintiffs are entitled to have their account values in the HSRP adjusted so that the Plaintiffs will have parity with respect to the pension benefits afforded the members of 1199 since the Plaintiffs resigned their membership in the 1199, or in the alternative, a money judgment for the sums necessary to afford the Plaintiffs with such parity to their respective retirement dates; and

(vi)   Award all other and further relief as the Court may deem is just and necessary.

**JURY DEMAND**

Plaintiffs request a jury trial on all issues triable by jury.

Respectfully submitted,

Gregory L. Reid, Esq.
Reid Rodriguez & Rouse, LLP
Attorney for Plaintiffs
1285 Avenue of the Americas
Suite 3513
New York, New York 10019
(212) 554-4417

Dated: December 6, 2007

New York, New York

# EXHIBIT C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

--------------------------------------------------------- X

JEAN BAILEY, CARMEN RIVERA          :
                                    :
                    Plaintiffs,     :          Index No. 115559/07
                                    :
-against-                           :          **NOTICE TO THE SUPREME COURT OF**
                                    :          **THE STATE OF NEW YORK OF THE**
LUTHERAN MEDICAL CENTER,            :          **FILING OF NOTICE OF REMOVAL**
LUTHERAN MEDICAL CENTER HEALTH      :
SERVICES RETIREMENT PLAN            :
                                    :
                    Defendants.     :

--------------------------------------------------------- X

TO:    Clerk of the Supreme Court
       New York County Courthouse
       60 Centre Street
       New York, New York 10007

       **PLEASE TAKE NOTICE** that Defendants Lutheran Medical Center and Lutheran

Medical Center Health Services Retirement Plan, ("Defendants"), by their attorneys Thelen Reid

Brown Raysman & Steiner LLP, filed a Notice of Removal, a copy of which is attached, in the

United States District Court for the Southern District of New York.  In accordance with 28

U.S.C. § 1446(d), this Court shall therefore proceed no further unless and until the case is

remanded.

Dated: New York, New York
       December 21, 2007


                              THELEN REID BROWN
                              RAYSMAN & STEINER LLP

                              By:_____
                                 Edward Copeland
                                 875 Third Avenue
                                 New York, NY 10022
                                 (212) 603-2000

                              Attorneys for Defendants